UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| LUCY, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | NO. 3:26-cv-00998 |
| v. | ) | |
| | ) | JUDGE RICHARDSON |
| JONATHAN SKRMETTI, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**ORDER**

Pending before the Court are three motions to seal (Doc. Nos. 9, 27, 37).[1]

The first motion to seal (Doc. No. 9, "First Motion") was filed by Plaintiffs, Lucy and Benjamin. Via the First Motion, Plaintiffs seek to maintain under seal an exhibit (Doc. No. 10, "First-Motion Exhibit") filed in connection with Plaintiffs' (since-denied) motion for a preliminary injunction (Doc. No. 6). A redacted version of the First-Motion Exhibit has been filed (not under seal) at Docket No. 6-5.

The second motion to seal (Doc. No. 27, "Second Motion") was filed by Defendants.[2] Via the Second Motion, Defendants seek to maintain under seal an exhibit (Doc. No. 28, "Second-

[1] What parties and courts typically call a motion to seal (and, likewise, refer to as a motion requesting sealing) is usually (and in the instant case) not actually a motion to seal documents *in the first instance* (i.e., a motion to seal documents that heretofore have been on the docket and not under seal); rather, such a motion is in substance a motion to have a document that was previously filed by a party under seal *remain* under seal—i.e., a motion to maintain under seal a document that was filed under seal (conditionally, and subject to the Court's later approval). But consistent with the typical custom, the Court herein at times refers to such a motion as a motion to seal, i.e., a request for sealing.

[2] When using the term "Defendants" herein, the Court is referring collectively to all defendants in this action, namely Tennessee Attorney General and Reporter Jonathan Skrmetti, Commissioner of Safety and Homeland Security for the State of Tennessee Jeff Long, District Attorney General for the Sixth Judicial District of Tennessee Charme Allen, District Attorney General for the Ninth Judicial District of Tennessee Russell Johnson, District Attorney General for the Thirteenth District of Tennessee Bryant C. Dunaway,

Motion Exhibit") filed in connection with Defendants' memorandum in opposition (Doc. No. 29) to Plaintiffs' (still pending) motion for class certification (Doc. No. 7). A redacted version of the Second-Motion Exhibit has not been filed—either under seal or not under seal.

Finally, the third motion to seal (Doc. No. 37, "Third Motion") was filed by Plaintiffs. Via the Third Motion, Plaintiffs seek to maintain under seal an exhibit (Doc. No. 38, "Third-Motion Exhibit") filed in connection with Plaintiffs' reply (Doc. No. 36) in further support of Plaintiffs' motion for class certification (Doc. No. 7). A redacted version of the Third-Motion Exhibit has been filed (not under seal) at Docket No. 37-1.

For the reasons stated herein, the First Motion (Doc. No. 9) and the Third Motion (Doc. No. 37) are **GRANTED**, and the Second Motion (Doc. No. 27) is **DENIED**.

## LEGAL STANDARD

There is a longstanding and "'strong presumption in favor of openness' as to court records." *Shane Grp., Inc. v. Blue Cross Blue Shield of Michigan*, 825 F.3d 299, 305 (6th Cir. 2016) (quoting *Brown & Williamson Tobacco Corp. v. FTC*, 710 F.2d 1165, 1179 (6th Cir. 1983)). A party seeking to seal a document from public view must provide "compelling reasons" to seal the document and demonstrate that sealing is narrowly tailored to serve those reasons by analyzing "in detail, document by document, the propriety of secrecy, providing reasons and legal citations." *Id.* at 305-06 (internal citations omitted). In other words, "[t]o meet this burden, the party must show three things: (1) a compelling interest in sealing the records; (2) that the interest in sealing outweighs

District Attorney General for the Fifteenth Judicial District of Tennessee Jason Lawson, District Attorney General for the Twentieth Judicial District of Tennessee Glenn Funk, District Attorney General for the Twenty First Judicial District of Tennessee Stacey Edmonson, District Attorney General for the Twenty Third Judicial District of Tennessee Ray Crouch, District Attorney General for the Twenty Fourth Judicial District of Tennessee Neil Thompson, District Attorney General for the Twenty Fifth Judicial District of Tennessee Mark Davidson, District Attorney General for the Twenty Sixth Judicial District of Tennessee Jody Pickens, District Attorney General for the Twenty Eighth Judicial District of Tennessee Fred Agee, and District Attorney General for the Thirtieth Judicial District of Tennessee Steve Mulroy.

the public's interest in accessing the records; and (3) that the request is narrowly tailored." *Kondash v. Kia Motors Am., Inc.*, 767 F. App'x 635, 637 (6th Cir. 2019) (citing *Shane Grp., Inc.*, 825 F.3d at 305). As this Court has emphasized, although granting a motion to seal is within the trial court's discretion, "the Court must honor the above-referenced three requirements for sealing; if those requirements are not satisfied, then the Court lacks the discretion to order sealing and instead must decline to order sealing." *Montenegro v. Vaco LLC*, No. 3:23-CV-01265, 2025 WL 73247, at *2 (M.D. Tenn. Jan. 10, 2025) (Richardson, J.). Importantly, it is improper to grant a motion to seal "simply because it is unopposed." *Rucker v. Lindamood*, No. 1:16-CV-00090, 2020 WL 5946895, at *2 (M.D. Tenn. Oct. 6, 2020).

## DISCUSSION

Below, the Court first resolves the First Motion, then resolves the Second Motion, and finally resolves the Third Motion.

### 1. First Motion

As noted above, Plaintiffs seek via the First Motion (Doc. No. 9) to maintain the First-Motion Exhibit (Doc. No. 10) under seal. Asserting that they satisfy the first requirement for sealing—i.e., the existence of a compelling interest in sealing—Plaintiffs argue that there is a compelling interest in maintaining the First-Motion Exhibit under seal because the First-Motion Exhibit contains: (1) identifying information about Plaintiffs and information that may lead to the disclosure of Plaintiffs' identities (Doc. No. 9 at 3); and (2) information about Plaintiffs' asylum applications and other applications for immigration benefits. (*Id.* at 4).

The Court finds that Plaintiffs' characterization of the First-Motion Exhibit is accurate. Indeed, the First-Motion Exhibit contains precisely the information that Plaintiffs contend the First-Motion Exhibit contains. And as Plaintiffs correctly argue, district courts regularly find that

there is a compelling reason to seal filings that, like the First-Motion Exhibit, contain (1) identifying information about a plaintiff and information that may lead to the disclosure of a pseudonymous plaintiff's identity, *see e.g., Doe v. Teays Valley Loc. Sch. Bd. of Educ.*, 2:23 cv-02704, 2024 WL 3841212, at *2 (S.D. Ohio Aug. 15, 2024) (compelling interest in sealing information that could reveal identity of pseudonymous plaintiff);[3] and (2) information about asylum applications and other applications for immigration benefits. *See Doe v. Dep't of Homeland Sec.*, CIVIL ACTION NO. 22-5172, 2023 WL 372085, at *2 (E.D. La. Jan. 24, 2023) (sealing records related to asylum application). So, Plaintiffs have shown that there is a compelling interest in having the First-Motion Exhibit maintained under seal.

With respect to the second requirement for sealing—i.e., that the interest in sealing particular filings outweigh the public's interest in accessing those filings—federal courts regularly seal filings that contain information about a person like that contained in the First-Motion Exhibit. *See e.g., Dep't of Homeland Sec.*, 2023 WL 372085, at *2-3. In so doing, courts recognize that the person's interest in sealing those filings outweighs the public's interest in accessing those filings. Accordingly, the Court finds that the second requirement for sealing has been met.

Finally, with respect to the third requirement for sealing—i.e., that the sought after sealing be narrowly tailored—Plaintiffs have filed a redacted version (Doc. No. 6-5) of the First-Motion Exhibit not under seal. Plaintiffs assert that their redactions to the First-Motion Exhibit are "narrowly tailored to balance [Plaintiffs'] compelling interests with the public's interests in access to judicial records." (Doc. No. 9 at 4). Here, the Court finds that Plaintiffs' proposed redactions

[3] Ordinarily, protecting a plaintiff's identity from disclosure would not provide a compelling reason to seal all or parts of a filing. However, where the plaintiff (like each of the Plaintiffs herein) has been granted leave to proceed pseudonymously, district courts have found that there is a compelling interest in sealing documents containing information that could lead to the disclosure of the identity or identities of plaintiff(s). *See e.g., Teays Valley Loc. Sch. Bd. of Educ.*, 2024 WL 3841212 at *2.

obscure only the kinds of information—discussed above—for which there is a compelling interest in sealing and for which the interest in sealing outweighs the public interest in access. So, the Court finds that Plaintiffs' requested sealing is narrowly tailored. *See Daimler Vans USA, LLC v. Fyda Freightliner Cincinnati, Inc.*, No. 2:22 CV-2910, 2023 WL 12257506, at *2 (S.D. Ohio Mar. 10, 2023) (finding proposed redactions narrowly tailored when they were "no broader than necessary to protect the information at issue.").

Accordingly, the First Motion (Doc. No. 9) is **GRANTED**, and the First-Motion Exhibit (Doc. No. 10) shall remain under seal.

**2. Second Motion**

As noted above, Defendants seek via the Second Motion (Doc. No. 27) to maintain under seal the Second-Motion Exhibit (Doc. No. 28). In the Second Motion, Defendants state:

> Defendants respectfully move, pursuant to Paragraph 6 of the Parties' Proposed Stipulated Protective Order and Local Rule 5.03(a)-(b), for leave to file [the Second-Motion Exhibit] under seal.
>
> Defendants' Response refers to the substance of and contains certain quotes from Plaintiffs' discovery responses. Pursuant to the Parties' Proposed Stipulated Protective Order, Defendants' Response does not include or reference any confidential identifying information. However, Defendants would like to provide those discovery responses to the Court for the Court's review. Because Plaintiffs have designated, in *Lucy I*, No. 3:26-cv-00763, portions of those responses as either confidential or as revealing identifying information about Plaintiffs, Defendants have put those responses in [the Second-Motion Exhibit] and now seek to file [the Second-Motion Exhibit] under seal.
>
> Defendants take no position on whether the documents warrant sealing. But to both comply with the Parties' Proposed Stipulated Protective Order and provide the Court with information relevant to determine the question of class certification, Defendants respectfully request that they be given leave to file [the Second-Motion Exhibit] under seal.

(Doc. No. 27 at 1-2 (footnote omitted)). As relevant here, Local Rule 5.03(d) provides:

> The party intending to use information or documents designated in discovery as confidential must file a motion to seal under LR 7.01(a). However, the party who

> designated the materials as confidential or otherwise seeks to restrict access to the materials retains the burden of meeting the requirements set out in subsection (c), either in a joint motion to seal or in a response under LR 7.01(a)(3).

That is all to say, the Second Motion is a motion that Defendants were obligated to file (essentially on Plaintiffs' behalf), and Plaintiffs in essence are the ones who would benefit from the sealing of the Second-Motion Exhibit and thus are the ones that need to justify such sealing as if they themselves filed the Second Motion.

With this in mind, the Court cannot grant the Second Motion. Plaintiffs have not filed a response to the Second Motion therein providing any justification for maintaining the Second-Motion Exhibit under seal. Plaintiffs likewise have neither filed a redacted version of the Second-Motion Exhibit nor indicated that (publicly) filing a redacted version of the Second-Motion Exhibit is impracticable as required by Local Rule 5.03(e).[4] Accordingly, the Second Motion (Doc. No. 27) is **DENIED**. Such denial is without prejudice to Plaintiffs—whom the Court discerns are the only parties who affirmatively desire (or might desire) to have the Second-Motion Exhibit maintained under seal—filing a renewed motion to maintain the Second-Motion Exhibit under seal within twenty-one (21) days of the entry of this order.[5]

**3. Third Motion**

As noted above, via the Third Motion (Doc. No. 37), Plaintiffs seek to maintain the Third-Motion Exhibit (Doc. No. 38) under seal. Asserting that they satisfy the first requirement for

---

[4] Local Rule 5.03(e) provides:

> If practicable, the party requesting that some or all of a filing be sealed must also separately file a redacted version. If the filing of a redacted version is impracticable, the motion to seal must include an affirmative statement to that effect.

[5] Although the Court is denying the Second Motion, the Second-Motion Exhibit shall remain under seal (a) for the next twenty-one (21) days so as to permit Plaintiffs to file a renewed motion to maintain the Second-Motion Exhibit under seal; and (b) should such a motion be filed within that 21-day period, at least until the Court decides that motion.

sealing—i.e., the existence of a compelling interest in sealing—Plaintiffs argue that there is a compelling interest in maintaining the Third-Motion Exhibit under seal because the Third-Motion Exhibit contains: (1) identifying information about Plaintiffs and information that may lead to the disclosure of Plaintiffs' identities (Doc. No. 37 at 3-4); (2) information about Plaintiffs' asylum applications and other applications for immigration benefits (*id.* at 4-5); (3) information about Lucy's history as a victim of domestic violence (*id.* at 5-6); (4) information regarding Lucy's medical condition (*id.* at 6); and (5) personal information of nonparties. (*Id.* at 6-7).

The Court finds that Plaintiffs' characterization of the Third-Motion Exhibit is accurate. Indeed, the Third-Motion Exhibit contains precisely the information that Plaintiffs contend the Third-Motion Exhibit contains.

Further, and as Plaintiffs correctly argue, district courts regularly find that there is a compelling reason to seal filings that, like the Third-Motion Exhibit, contain (1) identifying information about a plaintiff and information that may lead to the disclosure of a pseudonymous plaintiff's identity, *see e.g., Teays Valley Loc. Sch. Bd. of Educ.*, 2024 WL 3841212, at *2 (compelling interest in sealing information that could reveal identity of pseudonymous plaintiff);[6] (2) information about asylum applications and other applications for immigration benefits, *see Dep't of Homeland Sec.*, 2023 WL 372085, at *2 (sealing records related to asylum application); (3) information about a party's history as a victim of domestic violence, *cf. Doe v. RealPage, Inc.*, Civil No. 1:24-cv-00885-JRR, 2024 WL 2863545, at *2 (D. Md. June 6, 2024) (noting, in considering motion to proceed under pseudonym, that domestic violence is a "matter of [a]

[6] As noted in a footnote above, protecting a plaintiff's identity from disclosure ordinarily would not provide a compelling reason to seal all or parts of a filing. However, where the plaintiff (like each of the Plaintiffs herein) has been granted leave to proceed pseudonymously, district courts have found that there is a compelling interest in sealing documents containing information that could lead to the disclosure of the identity or identities of plaintiff(s). *See e.g., Teays Valley Loc. Sch. Bd. of Educ.*, 2024 WL 3841212 at *2.

sensitive and highly personal nature"); *Covert v. City of San Diego*, No. 15CV2097 AJB (WVG), 2017 WL 1094020, at *4 (S.D. Cal. Mar. 23, 2017) (sealing documents containing information regarding allegations (against a party) of domestic violence); (4) information regarding a party's medical condition, *see Bell v. Sam's E., Inc.*, 1:16-CV-315 SKL, 2018 WL 8512583, at *3 (E.D. Tenn. Jan. 12, 2018) ("'[m]edical information' can be considered appropriate for sealing in some circumstances"); and (5) personal information of nonparties. *In re FCA US LLC Monostable Elec. Gearshift Litig.*, 377 F. Supp. 3d 779, 787 (E.D. Mich. 2019) (noting that courts seal "clearly personal and impertinent details associated with third parties."). So, Plaintiffs have shown that there is a compelling interest in having the Third-Motion Exhibit maintained under seal.

Additionally, with respect to the second requirement for sealing—i.e., that the interest in sealing particular filings outweigh the public's interest in accessing those filings—federal courts regularly recognize that a person's interest in sealing a filing containing information about the person like that contained in the Third-Motion Exhibit outweighs the public's interest in access to those filings. *See e.g., Dep't of Homeland Sec.*, 2023 WL 372085, at *2-3; *Covert*, 2017 WL 1094020, at *4. Accordingly, the Court finds that the second requirement for sealing has been met.

Finally, with respect to the third requirement for sealing—i.e., that the sought after sealing be narrowly tailored—Plaintiffs have filed a redacted version (Doc. No. 37-1) not under seal of the Third-Motion Exhibit. Plaintiffs assert that their redactions to the Third-Motion Exhibit are "narrowly tailored to balance [Plaintiffs'] compelling interests with the public's interest in access to judicial records." (Doc. No. 37 at 7). The Court concludes that those redactions obscure only the kind of information—discussed above—for which there is a compelling interest in sealing and for which the interest in sealing outweighs the public interest in access. So, the Court finds that Plaintiffs' requested sealing is narrowly tailored. *See Daimler Vans USA, LLC*, 2023 WL

12257506, at *2 (finding proposed redactions narrowly tailored when they were "no broader than necessary to protect the information at issue."). Accordingly, the Court finds that the third requirement for sealing has been satisfied and thus that each of the requirements for sealing have been met.

Therefore, the Third Motion (Doc. No. 37) is **GRANTED**, and the Third-Motion Exhibit (Doc. No. 38) shall remain under seal.

CONCLUSION

In sum, the First Motion (Doc. No. 9) and the Third Motion (Doc. No. 37) are **GRANTED**, and the First-Motion Exhibit (Doc. No. 10) and the Third-Motion Exhibit (Doc. No. 38) shall remain under seal. However, the Second Motion (Doc. No. 27) is **DENIED,** albeit without prejudice to Plaintiffs filing—within twenty-one (21) days of the entry of this order—a renewed motion to maintain the Second-Motion Exhibit (Doc. No. 28) under seal. Further, the Second-Motion Exhibit shall remain under seal (a) for the next twenty-one (21) days so as to permit Plaintiffs to file a renewed motion to maintain the Second-Motion Exhibit under seal; and (b) should such a motion be filed within that 21-day period, at least until the Court decides that motion.

IT IS SO ORDERED.

Eli Richardson
ELI RICHARDSON
UNITED STATES DISTRICT JUDGE